IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY LONG, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 09-1701<br>) |
| v. | )<br>) |
| TOMMY HILFIGER U.S.A., INC., and DOES 1 through 10, inclusive, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION**

CONTI, District Judge.

### *I. Introduction*

Pending before the court is a motion filed by defendant Tommy Hilfiger, U.S.A., Inc. ("defendant" or "Hilfiger") to dismiss the complaint filed by plaintiff Randy Long ("plaintiff"). (ECF No. 26.) The motion and a supporting brief (ECF No. 27) were filed on September 17, 2010. Hilfiger seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject-matter jurisdiction and Rule 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted.

Long commenced a class action against Hilfiger alleging that Hilfiger violated 15 U.S.C. § 1681c(g), which is a provision of the Fair and Accurate Credit Transaction Act ("FACTA"), as amended, 15 U.S.C. §§ 1681 et seq. Section 1681c(g) provides: "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g). On October 29, 2009, Long allegedly purchased

neckwear at the Hilfiger store in Grove City, Pennsylvania. (Compl. (ECF No. 1) ¶ 44; Pl.'s Br. in Supp. (ECF No. 29) at 5.) Long used his credit/debit card for the purchase. (Pl.'s Br. in Supp. at 5.) The receipt displayed the last four digits of the card number and "04/##" in place of the expiration date. (Def.'s Ex. A (ECF No. 12) (SEALED) at 3.)[1] Long seeks statutory damages of $100 to $1000 per transaction under § 1681n(a)(1)(a), as well as costs, attorneys' fees, and any further relief the court may deem proper. (Compl. at 13.)

Plaintiff seeks to pursue his claim on behalf of himself and a class alleged to be (1) all persons in the United States to whom, in a transaction occurring after December 4, 2006, Hilfiger provided receipts on which was "printed more than the last five digits of the person['s] credit card or debit card number," and (2) all persons in the United States to whom, in a transaction occurring after June 3, 2008, Hilfiger provided receipts on which was "printed the expiration date of the person's credit card." (Id. ¶ 26.)

Defendant argues it was in compliance with FACTA because the receipt in question only displayed the month and not the year of the credit card's expiration date, and a month is not an

---

[1] In ruling upon a motion to dismiss, a district court generally is "not permitted to go beyond the facts alleged in the [c]omplaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997). "[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); see West Penn Allegheny Health Sys. v. UPMC, No. 09-4468, 2010 WL 4840093, at *6 n.6 (3d Cir. Nov. 29, 2010) ("A limited exception exists for documents that are 'integral to or explicitly relied upon in the complaint.'" (citing Burlington, 114 F.3d at 1426)); see, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (considering a contract attached as an exhibit to a motion to dismiss because the complaint's claims were based upon the contract). A court may also consider "legal arguments presented in memorandums or briefs and arguments of counsel." Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2006).

A district court may look beyond those items and address the Rule 12(b)(6) motion as one requesting summary judgment. "The court is not permitted to look at matters outside the record; if such matters are considered, the [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss is, by the express terms of [Federal Rule of Civil Procedure] 12(b), converted into a motion for summary judgment." Id. at 560. In the complaint, plaintiff refers to an electronically printed receipt defendant provided to him on which defendant printed the expiration date of his credit/debit card. (Compl. (ECF No. 1) ¶ 44.) Defendant filed a sealed document containing a photocopy of plaintiff's receipt. (Def.'s Ex. A (ECF No. 12) (SEALED) at 3.) Because the receipt was expressly referred to in plaintiff's complaint and its authenticity is not in dispute, the court will review the receipt for the purpose of deciding the instant motion.

expiration date of a credit card under common parlance. (Def.'s Br. in Supp. of Mot. to Dismiss (ECF No. 27) at 1.) For the reasons set forth below, defendant's motion to dismiss will be granted and the complaint will be dismissed with prejudice.

## II. Standards of review

### A. Rule 12(b)(6)

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). If it is clear from the face of the complaint that the plaintiff has not alleged "a cognizable claim as a matter of law or fails to allege sufficient facts to support the claim, then the complaint should be dismissed." Cheskawich v. Three Rivers Mortg. Co., L.L.C., No. 05-691, 2006 WL 2529591, at *1 (W.D. Pa. Aug. 31, 2006); see Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

While allowing for amendment to a complaint is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility.[2] In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. Id.

---

[2] "[L]eave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

3

at 1434. An amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. Id.; see Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile).

### *B. Rule 12(b)(1) – Subject-matter jurisdiction*

A motion to dismiss for lack of subject-matter jurisdiction filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") raises the issue whether the court has the power to hear the matter before it. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff always has the burden of persuasion and must prove that subject-matter jurisdiction exists. Mortensen, 549 F.2d at 891. A motion to dismiss for lack of subject-matter jurisdiction may facially or factually challenge the court's jurisdiction. Id. A facial challenge is a technical defect that occurs when the allegations in the complaint do not sufficiently illustrate the court's jurisdiction. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d ed. 1990). In that instance, a court may only look at the complaint and any attachments thereto to determine whether subject-matter jurisdiction exists. Mortensen, 549 F.2d at 891. In contrast, a factual challenge is a substantive defect that occurs when the court lacks actual subject-matter jurisdiction regardless of the sufficiency of the allegations in the complaint. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d ed. 1990). In that instance, the court may consider evidence outside the complaint. Mortensen, 549 F.2d at 891.

"A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). Any standing inquiry implicates Article III of the United States Constitution,

which limits the jurisdiction of federal courts to "cases" and "controversies." Lozano v. City of Hazleton, 620 F.3d 170, 183 (3d Cir. 2010); see U.S. CONST. art. III, § 2. To demonstrate standing under Article III, a plaintiff must satisfy the following three elements:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lozano, 620 F.3d at 183 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

### III. Discussion

#### A. Failure to state a claim

Hilfiger admits it printed the month of the expiration date of plaintiff's credit card next to the word "EXPIRY" on the receipt. Hilfiger argues, however, that the month alone is not the expiration date. The expiration date instead consists of both a month and a year. FACTA does not define the term "expiration date," but the ordinary meaning of the term suggests that it includes both the month and year. Hilfiger notes that § 1681c(g) is entitled "Truncation of credit card and debit card numbers," and truncation is defined as to "shorten by cutting off the top or the end." CONCISE OXFORD ENGLISH DICTIONARY (11th ed. 2008). To the extent plaintiff alleges defendant printed more than the last five digits of his credit card number or the expiration date, defendant asserts the claim should be dismissed based upon the information printed on the receipt.

Plaintiff responds that printing only a portion of the expiration date on the printed receipt

5

violates § 1681c(g).  Plaintiff argues the plain reading of the statute suggests that, if Congress intended to permit partial truncation of the expiration date, it would have stated such an intention, because it did so with respect to the card number.  Plaintiff cites a number of decisions in which the courts held that the statute requires truncation of *both* the expiration date *and* card number, and not one or the other.  See, e.g., Follman v. Hospitality Plus of Carpentersville, Inc., 532 F. Supp. 2d 960, 964 (N.D. Ill. 2007).  In Follman, the defendant argued the statute permitted it to truncate either the last five digits of the card number, or the last five digits of the expiration date.  The court disagreed:

> The first would permit a merchant to include the entire card number on the receipt, so long as the expiration date was left off. Congress's intent in enacting FACTA to prevent identity theft would not be realized by such a reading. The second interpretation is equally implausible, The [sic] majority of expiration dates are only four digits long, while others are six or at most eight digits, e.g. MM/YY, MM/YYYY, MM/DD/YY or MM/DD/YYYY. This interpretation would permit the 4-digit expiration dates to be printed in their entirety, and the six digit expiration dates to only be missing the first number, which can only be either a zero or a one. Even the eight digit expiration dates would only be missing the month of expiration (of which there are twelve) and the first digit of the day of expiration, which could only be a zero, one, two or three. A would-be identity thief could easily use the printed information to discern the entire expiration date. The third interpretation may appear conceivable on its face, but becomes untenable upon a re-reading of the statute itself. The connection word between the two elements is "or" not "and," As used in this statute, the word "or" delineates the two things that cannot be printed-no person shall print more than the last five digits of the card number or the expiration date-meaning a person may print neither. We find that no reasonable person could interpret the statute in the ways defendant presents. The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may they print the expiration date of the card on the receipt.

Id. at 964.  Plaintiff argues that, no matter which format the expiration number is displayed on a credit card, e.g., MM/YY, MM/YYYY, MM/DD/YY or MM/DD/YYYY, the statute requires

that the date be redacted in its entirety. Plaintiff asserts that defendant's interpretation of FACTA is not consistent with the purpose of § 1681c(g): to curb identity theft.

### *1. Statutory language*

In 2003, Congress passed FACTA, Pub. L. No. 108-159, 117 Stat. 1952, codified at 15 U.S.C. § 1681c(g), amending the Fair Credit Reporting Act ("FCRA"). Pub. L. 108-159, 117 Stat. 1952 (2003). According to Congress, the purpose of FACTA is to "prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of and access to, credit information, and for other purposes." Pub. L. No. 108-159, 117 Stat. 1952 (2003). Section 1681c(g)(1) provides: "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

Congress later passed the Clarification Act, Pub. L. No. 110-241, 122 Stat. 1565 (codified at 15 U.S.C. § 1681n(d)).[3] The Clarification Act did not alter the language of § 1681c(g)(1), but instead "was a response to the large number of lawsuits filed against merchants who had truncated customers' account numbers but not the expiration dates." Buechler v. Keyco, Inc., No. 09-2948, 2010 WL 1664226, at *2 (D. Md. Apr. 22, 2010). When passing the Clarification Act, Congress again recognized that one of FACTA's goals was to "prevent criminals from obtaining access to consumers' private financial and credit information in order to reduce identity theft and credit card fraud." Pub. L. No. 110-241, § 2(a)(1), 122 Stat. 1565. Section 1681n(d) of the Clarification Act provides:

---

[3] The partial safe harbor provided by the Clarification Act does not apply in this case because plaintiff received the receipt after June 3, 2008. See Shlahtichman v. 1-800 Contacts, Inc., 615 F.3d 794, 796-97 n.1 (7th Cir. 2010).

7

> [A]ny person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n(d).

When passing the Clarification Act, Congress explained that "experts in the field agree that proper truncation of the card number, by itself as required by the amendment made by [FACTA], *regardless of the inclusion of the expiration date*, prevents a potential fraudster from perpetrating identity theft or credit card fraud." Pub. L. No. 110-241 § 2(a)(6) (emphasis added).

### *2. Statutory interpretation*

The United States Supreme Court has explained that where statutory interpretation is implicated, "if the intent of Congress is clear, that is the end of the matter; for the court . . . must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984). In reaching this threshold determination, it is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." National Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 666 (2007); see Robinson v. Shell Oil Co., 519 U.S. 337, 340-41 (1997) ("the plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole").

As a preliminary matter, other courts have held generally that FACTA's statutory language is unambiguous. See, e.g., Follman v. Village Squire, Inc., No. 07-3767, 2007 WL 4522614, at *4 (N.D. Ill. Dec. 18, 2007) (finding statute unambiguous); Ramirez v. MGM

Mirage, Inc., 524 F. Supp. 2d 1226, 1233-35 (D. Nev. 2007) (same); Edwards v. Toys "R" Us, 527 F. Supp. 2d 1197, 1209 (C.D. Cal. 2007) (holding that § 1681c(g) "is not ambiguous or susceptible of conflicting interpretations"); Korman v. Walking Co., 503 F. Supp. 2d 755, 706-61 (E.D. Pa. 2007) ("Every other court to consider the issue . . . has come to the conclusion that the statute is not vague or ambiguous and that it means a business cannot print 6+ digits or the expiration date."); Iosello v. Leiblys, Inc., 502 F. Supp. 2d 782, 785-86 (N.D. Ill. 2007) (rejecting argument that statue is vague and ambiguous). It deserves mentioning that no court in the country has directly addressed the particular issue raised in this case – whether a defendant can be held liable under FACTA for printing the month of a plaintiff's credit or debit card expiration date on a receipt. Because this is a matter of first impression, the court is guided by the plain meaning of the terms Congress chose to include in the statutory language of FACTA, the context in which the language appears, and the rationale of analogous caselaw.

The viability of plaintiff's claim turns on the meaning of FACTA's terms – in particular, the phrase "expiration date." Because FACTA does not provide a statutory definition for "expiration date", the court must "look to the ordinary or natural meaning of the term." Shlahtichman v. 1-800 Contacts, Inc., 615 F. 3d 794, 798 (7th Cir. 2010). The meaning of "expiration date" on a credit or debit card does not appear to be ambiguous on its face. The Concise Oxford English Dictionary defines the word "expire" as to "come to the end of the period of validity," and the word "date" as "a day or year when a given event occurred or will occur." CONCISE OXFORD ENGLISH DICTIONARY 501, 365 (11th ed. 2008). Thus, the plain meaning of the term "expiration date" is the day or year when the validity of a particular thing

9

comes to an end.[4] Applying common sense and logic to those definitions of the words "expiration date" yields a straightforward result. The functional characteristic of a credit or debit card (i.e., purchasing goods or services) must expire, or come to an end on a particular date. This date of expiration is usually stamped onto the front of a card. The cardholder can no longer use the card past that date. In order for the card to expire, then, it is logical to conclude that there must be an ascertainable period in time when the card's ability to make purchases comes to an end (e.g., a credit card expiration date of "01/2012" or "01/12" would put the cardholder and merchants on notice that the card will not be valid after January 2012). Given this conclusion, the expiration date cannot be a single month, because a month printed on a receipt in isolation does not provide the cardholder or any other person or business with an ascertainable period in time when the card's functionality "ceases to exist."

Defining the term "expiration date" does not end the court's inquiry. To determine whether the relevant statutory language is ambiguous, the court must also consider the specific context in which the language is used. See Robinson, 519 U.S. at 340-41; Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson, 545 U.S. 409, 415 (2005) ("Statutory language only has meaning in context . . . ."). Section 1681c(g) is titled "Truncation of credit card and debit card numbers." 15 U.S.C. § 1681c(g). While the title, as well as the language itself, indicates credit and debit card numbers should be truncated to 5 digits or less, it does not specifically state that a person may print a truncated expiration date. Putting the phrase "expiration date" in context, the language plainly reads, "no person . . . shall print . . . the expiration date . . . ." 15 U.S.C. § 1681c(g). The language of the statute does not refer to a situation, like the instant case, where a party prints only a month of an expiration date.

---

[4] Black's Law Dictionary defines the term "expiration date" as "the date on which an offer, option, or the like ceases

Some courts have suggested in passing that truncating, or shortening, an expiration date on a credit card receipt is sufficient to satisfy the requirements of FACTA. See, e.g., Colella v. Univ. of Pittsburgh, 569 F. Supp. 2d 525, 531 (W.D. Pa. 2008) (the "Clarification Act set forth Congress's findings and purpose in amending the truncation cause of action under FACTA"); Miller v. Sunoco, Inc., No. 07-1456, 2008 WL 623806, at *1 (E.D. Pa. March 4, 2008) ("FACTA requires retailers to suppress or truncate credit card information"); see also BUREAU OF CONSUMER PROTECTION, FEDERAL TRADE COMMISSION, SLIP SHOWING? FEDERAL LAW REQUIRES ALL BUSINESSES TO TRUNCATE CREDIT CARD INFORMATION ON RECEIPTS (May 2007).

Based on the plain meaning of the phrase "expiration date" in light of its use in credit and debit card transactions, as well as the context in which that phrase appears in the statute, defendant met the requirements of the statute: plaintiff's credit card number was truncated to the last four digits and the expiration date was not printed.

### 3. *Willful noncompliance*

Plaintiff did not allege an actual injury under FACTA, see § 1681o(a)(1); rather, he sought statutory damages that are authorized for willful violations of the truncation requirement. See § 1681n(a)(1)(A). Even if the court were to find defendant violated FACTA by printing the month of plaintiff's expiration date, defendant's violation could not be willful because its reading of the statute could be construed as objectively reasonable. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69-70 (2007) (despite holding the petitioner was incorrect in its reading of the FCRA, the Court recognized that petitioner's reading had a foundation in the statutory text, petitioner was not given the benefit of any guidance from the courts of appeals or government

---

to exist." BLACK'S LAW DICTIONARY 619 (8th ed. 2004).

11

agencies, and therefore its reading was not objectively unreasonable and fell well short of a willful violation of the statute).

In Shlahtichman, the Court of Appeals for the Seventh Circuit reviewed the district court's decision to dismiss the plaintiff's complaint under Rule 12(b)(6). The court in Shlahtichman agreed with the defendant's construction of the statutory truncation requirement in FACTA. Shlahtichman, 615 F.3d at 803. The court recognized there had been no contrary opinion from a court of appeals or federal agency suggesting that the defendant's or the court's understanding of the statute was wrong. Based upon those factors, the court held that "even if [the defendant's] construction of the statute turns out to be mistaken, it is objectively reasonable nonetheless . . . ." Id. The court concluded that even if the defendant did violate the statute, it did not do so knowingly or recklessly, and could not be held liable for statutory damages under FACTA. Id. at 803-04.

Here, defendant argues that printing the month of plaintiff's expiration date did not constitute printing the expiration date under FACTA.[5] The court agrees with this reading of the statute because it makes practical sense in light of the meaning of the term "expiration date," its use in the overall context of the statute, and its functional characteristics in credit and debit card transactions. Even if defendant's and the court's reading of the statute turns out to be incorrect (no authority has suggested this holding is improper), the reading is objectively reasonable because of the dearth of guidance from FACTA or the federal courts regarding this issue. Under those circumstances, defendant's violation of the statute could not be willful. Plaintiff's claim is dismissed with prejudice because it would be futile to amend the complaint. See Burlington

---

[5] Hilfiger's printing of only the last 4 digits of the card also demonstrates a willingness to conform to the requirements of the statute.

Coat, 114 F.3d at 1434 (amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted).

### B. Subject-matter jurisdiction

Plaintiff contends he has standing to sue on behalf of not just those individuals who received receipts displaying the expiration date, but also on behalf of those who received receipts displaying more than the last five digits of the card number. Plaintiff argues that, regardless of the type of information protected by § 1681c(g), all plaintiffs asserting a violation of that section are asserting the same claims.

As discussed *supra*, the court concludes plaintiff did not allege a violation of the statute: plaintiff's credit card number was truncated to the last four digits and the expiration date was not printed. Plaintiff, therefore, lacks standing to sue on his behalf or on the behalf of any putative class members because the complaint does not allege he suffered an injury in fact. See Davis v. Thornburgh, 903 F.2d 212, 222 (3d Cir. 1990) (with respect to standing in a class action, "the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class" (quoting Tucker v. Phyfer 819 F.2d 1030, 1033 (11th Cir. 1987)); see also Korman v. Walking Co., 503 F. Supp. 2d 755, 759 (E.D. Pa. 2007) (Under FACTA, "[w]hen one is handed a receipt that does *not* omit the offending information, one suffers an injury" sufficient to confer standing). Because plaintiff lacks standing to sue, the court lacks subject-matter jurisdiction and the complaint must be dismissed.

### IV. Conclusion

Defendant did not violate FACTA by only printing the month of an expiration date on plaintiff's receipt. Even if the month printed on the receipt could be construed as an expiration date, defendant's violation of the statute would be objectively reasonable. Accepting as true all well-pled factual allegations in the complaint and construing them in a light most favorable to plaintiff, the complaint fails to state a claim upon which relief can be granted. Because plaintiff fails to demonstrate as a matter of law a violation of FACTA on the face of the complaint, he lacks the requisite standing to sue on behalf of himself and the putative class members he claims to represent. Because it would be futile to amend the complaint under the circumstances present here, defendant's motion to dismiss will be granted with prejudice. An appropriate order will follow.

By the court:

Date: February 11, 2011

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge